COURT OF COMMON PLEAS
FOR THE STATE OF DELAWARE
KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
PHONE: (302)735-3915
FAX: (302) 735-3919

ANNE HARTNETT REIGLE
JUDGE

February 20, 2014

Mr. Kiet Ly
1009 Mayflower Drive
Newark, DE 19711
Pro Se- Defendant Below/ Appellant

Mr. Alan Duncan
325 Carpenter Bridge Road
Harrington, DE 19952
Pro Se- Plaintiff Below/Appellee

**RE: Kiet Ly v. Alan Duncan**
   **Case No. CPU5-13-001172**

Dear Mr. Ly and Mr. Duncan,

This is an appeal from the Justice of the Peace Court's order awarding judgment in favor of Plaintiff Below/Appellee, Alan Duncan, on both his claim and the counterclaim filed by Defendant Below/Appellant, Kiet Ly. On October 28, 2013, Mr. Ly filed a Notice of Appeal with this Court. On November 12, 2013, Mr. Duncan filed the Complaint. On January 28, 2014, Mr. Duncan filed his Pretrial Conference Worksheet. On February 4, 2014, Mr. Ly filed a letter, in English, requesting the Court provide him a Vietnamese interpreter. On February 10, 2014, the Court held a pretrial conference in this matter.

Court of Common Pleas Civil Rule 72.3 sets forth the procedure for an appeal from the Justice of the Peace Court to this Court. When the appellant was the defendant below, the appellee shall serve a copy of the complaint within 20 days of service of the notice of appeal. DEL. COM. PL. CIV. R. 72.3(b). "[T]hereafter the pleading shall proceed as in other actions." DEL. COM. PL. CIV. R. 72.3(b). Therefore, once the plaintiff below/ appellee files the complaint, the defendant below/ appellant is obligated to file an answer to the complaint within 20 days. DEL. COM. PL. CIV. R. 12(a). Additionally, both parties are required to file a pretrial conference worksheet prior to the pretrial conference. DEL. COM. PL. CIV. R. 16(b)(2). The Court has

discretion to impose sanctions for failure to comply with the requirements set forth in the pretrial worksheet, including dismissal or entry of default judgment. DEL. COM. PL. CIV. R. 16(b)(2).

In this case, Mr. Ly timely filed a Notice of Appeal with this Court. As the plaintiff in the action below, Mr. Duncan complied with Court of Common Pleas Civil Rule 72.3(b) by timely filing his Complaint with this Court. Once Mr. Duncan filed the Complaint, the pleadings were to proceed as in all other actions; therefore, Mr. Ly violated Court of Common Pleas Civil Rule 12(a) when he failed to file an Answer. Additionally, Mr. Ly violated Court of Common Pleas Civil Rule 16(b)(2) when he failed to file a Pretrial Conference Worksheet.

The fact that Mr. Ly is self-represented does not excuse his failure to comply with this Court's rules.[1] Furthermore, Mr. Ly was not denied access to the Court based on a language barrier. Pursuant to Court of Common Pleas Civil Rule 43, the Court may appoint an interpreter in civil matters. DEL. COM. PL. CIV. R. 43(e).[2] Compensation for an interpreter "shall be paid out of funds provided by law or by one or more of the parties as the Court may direct, and may be taxed ultimately as costs, in the discretion of the Court." DEL. COM. PL. CIV. R. 43(e). Mr. Ly was able to file an appeal to this Court. He was able to file a letter requesting an interpreter with this Court. His letter was written in English and identified an interpreter known to him. The Court provided Mr. Ly with an interpreter for the pretrial hearing. Through the interpreter, Mr. Ly denied receipt of the Complaint. Mr. Duncan produced a certified letter that was unclaimed.

Mr. Ly cannot use his necessity for an interpreter and his self-representation as an excuse for failing to comply with this Court's rules. Court of Common Pleas Civil Rule 55 authorizes the Court to enter a default judgment "when a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by these Rules . . . ." DEL. COM. PL. CIV. R. 55(b).

---

[1] *Hall v. Danberg*, 998 A.2d 850, at *1 (Del. 2010) (TABLE).
[2] "Judges should be attentive to language barriers experienced by self-represented litigants. Judges should take the necessary steps to provide qualified interpreters to self-represented litigants who are not fully conversant in English or who are hearing impaired, pursuant to the policies of the Delaware Court system." Del. Judicial Guidelines for Civ. Hearings Involving Self-represented Litigants Guideline 2.2.

The Court enters default judgment against Mr. Ly in the amount plead by Mr. Duncan in the Complaint: $792.30, plus pre and post judgment interest at the legal rate and court costs.

**IT IS SO ORDERED.**

Sincerely,

Anne Hartnett Reigle